UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE FOREGOING MOTION IS HEREBY
DENIED / GRANTED THIS /⁴ᵗʰ DAY OF Aug, 2005

*Virginia M. Hernandez*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

JENNIFER NORRIS, Individually, and
as Parent and Legal Guardian of
DAMYN NORRIS, et al.,

    Plaintiffs,

v.                       Case No. 2:03-CV-562-FTM-33SPC

UNITED STATES OF AMERICA,

    Defendant.
_____/

## MOTION TO CONSOLIDATE ACTIONS

The Defendant, United States of America ("United States"), by and through the United States Attorney for the Middle District of Florida, and the undersigned Assistant United States Attorney, hereby moves, pursuant to Rule 42(a), Federal Rules of Civil Procedure, and Rule 1.04, Rules of the United States District Court for the Middle District of Florida ("Local Rule 1.04"), to consolidate Case No. 2:03-CV-563-FTM-29DNF ("Case 563") with this action for all purposes, including trial. In support, the United States provides the following:

### Background

1.     Plaintiffs in this case are Jennifer Norris, Individually, and as Parent and Legal Guardian of Damyn Norris, Christopher Grieff, Individually, and as Parent and Legal Guardian of Damyn Norris.

2.     Plaintiffs in Case 563 are Jennifer Norris, Individually, and as Parent and Legal Guardian of Dylan Norris, Christopher Grieff, Individually, and as Parent and

Motion to Consolidate Actions                                          Page 2
Case No. 2:03-CV-562-FtM-33SPC

Legal Guardian of Dylan Norris.

3. Damyn Norris and Dylan Norris are twin siblings.

4. The United States is the Defendant in both this case and Case 563 based upon medical services provided to Damyn and Dylan Norris by Collier Health Services, Inc. (a/k/a East Naples Medical Center)("Collier Health Services") and Shameem Tampton, M.D. ("Dr. Tampton").

5. Collier Health Services is a health care facility that has been deemed by the United States Secretary of Health and Human Services eligible for coverage under the Federal Tort Claims Act, 28 U.S.C. §1346(b) and 28 U.S.C. § 2672, pursuant to the provisions of the Federally Supported Health Centers Assistance Act of 1992. 42 U.S.C. §233.

6. Dr. Tampton, was acting within the scope of her employment with the Collier Health Services, at all times relevant to the allegations made in this case and Case 563, and, accordingly, pursuant to 42 U.S.C. § 233(g), was deemed to be an employee of the Public Health Service for Federal Tort Claims Act purposes for the acts or omissions alleged in this action and Case 563.

7. Plaintiffs in this case and Case 563 allege that the Collier Health Services and Dr. Tampton committed medical malpractice in providing post-natal care to Damyn and Dylan Norris by failing to recognize the condition of retinopathy of prematurity in both infants and failing to make the proper and timely referrals to specialists, ultimately resulting in blindness in both infants.

Motion to Consolidate Actions                                                    Page 3
Case No. 2:03-CV-562-FtM-33SPC

### Memorandum

8.   Consolidating actions is proper when the cases involve common questions of law and fact and the court finds that it would avoid unnecessary costs or delay.

9.   Rule 42(a) provides that when actions involving a common question of law or fact are pending before the court, the court may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning the proceedings in such actions as may tend to avoid unnecessary costs or delay.

10.  Rule 42(a) codifies the court's inherent managerial power to control the disposition of actions on its docket with economy of time and effort for itself, for counsel, and for litigants. *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160 (11th Cir. 1995).

11.  Consolidation is a matter of convenience and economy in administration. *In re TMI Litigation*, 193 F.3d 613 (3d Cir. 1999), *opinion amended on other grounds*, 199 F.3d 158 (3d Cir. 2000), *cert. denied*, 530 U.S. 1225 (2000). The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues. *Id.*

12.  Consolidating actions is proper when the cases involve common questions of law and fact and the court finds that it would avoid unnecessary costs or

Motion to Consolidate Actions                                               Page 4
Case No. 2:03-CV-562-FtM-33SPC

delay. *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148 (5th Cir. 1992). Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court. *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160 (11th Cir. 1995). Although consolidation may be warranted because of a common issue of law or fact, it is not required. *Id.*

   13.   In evaluating whether to consolidate cases with common issues of law and fact, a court must consider whether the specific risks of prejudice to the parties and possible confusion to the trier of fact are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Cantrell v. GAF Corp.*, 999 F.2d 1007 (6th Cir. 1993).

   14.   In this case and Case 563 the commonality of factual issues and legal issues is striking.

      a.   The parties are identical, with the exception of the twin infants, Damyn and Daryl Norris.

      b.   Both Damyn and Daryl Norris were treated from birth until the present similarly, often simultaneously, by all the health care providers, including the Collier Health Services and Dr. Tampton, for identical medical and physical conditions, i.e., retinopathy of prematurity and blindness.

Motion to Consolidate Actions                                      Page 5
Case No. 2:03-CV-562-FtM-33SPC

      c.    The allegations regarding breach of the standard of care in both this case and Case 563 are identical. Consequently, the expert opinions required in this case will be expressed on the same standards of care. The experts retained by both parties in this case will be identical to those retained in Case 563.

      d.    The allegations regarding damages in this case and Case 563 are identical with the Norris twins suffering the same injuries allegedly arising from the alleged malpractice. Consequently, the expert opinions on prognosis, future treatment, rehabilitation, vocational limitations and special damages will be expressed by experts retained by both parties in this case that are identical to those retained in Case 563.

15. Consolidation of Case 563 with this case will economize and streamline the pretrial process for the parties and trial process for both the parties and this Court. Further, consolidation will avoid duplication of effort, and will prevent potentially conflicting outcomes in cases involving similar legal and factual issues.

16. The parties will not be prejudiced by the requested consolidation.

17. The undersigned certifies that he has consulted with counsel for the Plaintiffs in this case and Case 563 regarding the relief requested in this motion, pursuant to Local Rule 3.01(g), and that such counsel has no objection to the relief being granted.

**WHEREFORE**, based on the foregoing, the United States respectfully requests that this honorable Court take necessary action pursuant to Local Rule 1.04 and enter an order consolidating Case 563 with this case pursuant to Rule 42(a) and granting

**Motion to Consolidate Actions**  Page 6
**Case No. 2:03-CV-562-FtM-33SPC**

such other relief as the Court deems necessary and just.

        **Paul I. Perez**

        United States Attorney

    By: s/ Mark A. Steinbeck
       **Mark A. Steinbeck**
       Assistant United States Attorney
       Florida Bar No. 0913431
       2110 First Street, Suite 3-137
       Fort Myers, Florida 33901
       Telephone: (239) 461-2200
       Facsimile: (239) 461-2219
       Email: Mark.Steinbeck@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Ann T. Frank**
Ann T. Frank, P.A.
2124 Airport Pulling Rd. S.
Suite 102
Naples, Florida 34112
Email: annfranklaw@yahoo.com

        s/ Mark A. Steinbeck
        **Mark A. Steinbeck**
        Assistant United States Attorney